FILED

17 SEP 19 AM 8:12

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY         JoT DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CHADWICK C. COLLINS,<br><br>Debtor.<br>_____<br>CHARLES G. COLLINS; JANELLE L. COLLINS; CHADWICK C. COLLINS,<br><br>Appellants,<br><br>v.<br><br>NANCY L. WOLF, Chapter 7 Trustee,<br><br>Appellee. | Case No.: 3:16-cv-03112-BEN-WVG<br><br>Bankruptcy No. 11-19790-LT7<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF JURISDICTION** |

Appellants Charles G. Collins ("Charles") and Janelle L. Collins ("Janelle"), and Appellant-Debtor Chadwick C. Collins ("Chadwick," collectively "Appellants") filed this appeal from a December 13, 2016 "Order for Turnover of Property to Chapter 7 Trustee" ("Turnover Order") issued by Chief Bankruptcy Judge Laura S. Taylor of the Bankruptcy Court for the Southern District of California (hereinafter "Bankruptcy Court"). (Docket No. 1.) The Turnover Order ordered Appellants to turn over the real property located at 1480 Beechtree Road, San Marcos, California 92078 (the "Beechtree Road Property")

///

1

and made findings concerning the chain of title and ownership interest in the Beechtree Road Property. (Docket No. 1-2.)

Appellee Nancy L. Wolf, Chapter 7 Trustee, moves to dismiss the appeal for lack of jurisdiction. (Docket No. 14.)[1] The motion is fully briefed. The Court finds the motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, Wolf's motion to dismiss is **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

On December 7, 2011, Appellant-Debtor Chadwick filed his Chapter 7 bankruptcy case. (Docket No. 1-2.) On March 7, 2013, Wolf filed an adversary complaint in the Bankruptcy Court against Appellants seeking declaratory relief pursuant to 11 U.S.C. § 541 that the Beechtree Road Property was part of Chadwick's bankruptcy estate, and an order under 11 U.S.C. § 542 for turnover of said property to Wolf for sale pursuant to 11 U.S.C. § 363. (Docket No. 5-1 at pp. 11-23.)

During the course of the adversary proceedings, Judge Taylor bifurcated the issues for trial into two phases; Phase I was conducted on February 1, 2, and 3, 2016. (Docket No. 1-2.) Thereafter, the parties submitted post-Phase 1 trial-related briefings, and Judge Taylor heard oral arguments before issuing the December 13, 2016 Turnover Order. (*Id.*) The Turnover Order found that the Beechtree Road Property is the property of Chadwick's bankruptcy estate, and that the property was Chadwick and Janelle's community property at the time Chadwick filed his Chapter 7 bankruptcy case on December 7, 2011. (*Id.*) The Turnover Order further found that Charles did not hold any interest or estates in the Beechtree Road Property, was not entitled to a lien, and did not

---

[1] The docket reflects that Wolf filed a Motion to Dismiss and an Amended Motion to Dismiss, which are identical except that the Amended Motion removed the contention that the Appellants' appeal was untimely filed. (*Compare* Docket Nos. 13 & 14.) The Court's ruling in this Order shall resolve both motions.

2

have a lien against the property. (*Id.*) Judge Taylor ordered Appellants to turn over the Beechtree Road Property, and reserved "for further determination and entry of final judgment" the issue of Wolf's claim against Charles for monetary damages pursuant to 11 U.S.C. § 542. (*Id.*)

On December 27, 2016, Appellants filed the instant appeal to the Turnover Order. On March 27, 2016, Appellee filed the pending Amended Motion to Dismiss for lack of jurisdiction. (Docket No. 14.)

## LEGAL STANDARD

Federal district courts generally have jurisdiction over appeals of "final judgments, orders, and decrees" of bankruptcy courts. *See* 28 U.S.C. § 158(a)(1).[2] In contrast, with limited exceptions not relevant here, district courts lack appellate jurisdiction over appeals from interlocutory orders of bankruptcy judges except where the district court grants leave to appeal under 28 U.S.C. § 158(a)(3).

In considering whether to grant leave to appeal, a district court "looks to the standards set forth in 28 U.S.C. § 1292(b), which concerns the taking of interlocutory appeals from the district court to the court of appeals." *In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995); *see also In re Belli*, 268 B.R. 851, 858 (B.A.P. 9th Cir. 2001) ("We look for guidance to the standards developed under 28 U.S.C. § 1292(b) to determine if leave to appeal should be granted [under section 158(a)(3) ].")."). Additionally, "[i]nterlocutory appeals are generally disfavored and should only be granted where extraordinary circumstances exist." *In re Cameron*, No. C 13-02018 SI, 2014 WL 1028436, at *4 (N.D. Cal. Mar. 17, 2014).

///
///

---

[2] Unless otherwise noted, all section references in the remainder of this Order are to Title 28 of the United States Code.

3

# DISCUSSION

Wolf argues that this Court lacks jurisdiction over the Appellants' appeal because the Turnover Order was not a final order within the meaning of section 158(a)(1), and because the circumstances do not justify the Court's exercise of discretionary review under section 158(a)(3). The Court agrees.

Ordinarily, a final order is one that "ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment." *Kirkland v. Legion Ins. Co.*, 343 F.3d 1135, 1139 (9th Cir. 2003) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945) (internal quotation marks omitted). Applying this traditional concept of finality to bankruptcy appeals "has bedeviled courts because the idiosyncrasies of bankruptcy sometimes make it difficult to discern whether orders entered in bankruptcy cases are final in the classic sense of ending litigation on the merits and leaving nothing for the court to do but execute the judgment." *Belli*, 268 B.R. at 854 (citing *Catlin,* 324 U.S. at 233 (finality); *Frontier Props.*, 979 F.2d at 1362-64 (bankruptcy finality); Edith H. Jones, *Bankruptcy Appeals,* 16 T. Marshall L. Rev. 245, 253 (1991)).

Appellants urge the Court to apply the "flexible finality" approach that has been applied by the Ninth Circuit to determine finality in bankruptcy cases. (Appellants' Opp'n. at 5-7.) Appellants contend that under flexible finality analysis, the Turnover Order is a final order.[3] (*Id.*) It is true that the Ninth Circuit has held that "the finality rules are to be given additional flexibility in the context of bankruptcy proceedings." *In re Frontier Props., Inc.,* 979 F.2d 1358, 1362 (9th Cir. 1992). However, in the context of an adversary proceeding, an order is final if it would be considered an appealable final

---

[3] Appellants' opposition suggests Appellants also contend that Judge Taylor's August 29, 2016 "Memorandum Decision" is a final order from which they seek to appeal. (*See* Appellants' Opp'n at 2-5.) However, Appellants' Notice of Appeal only challenges the Turnover Order. (Docket No. 1.) The Court shall not consider an appeal to an order not properly before it.

4

order in an ordinary federal civil action under 28 U.S.C. § 1291. *See In re King City Transit Mix, Inc.*, 738 F.2d 1065, 1066 (9th Cir. 1984) (explaining that in an adversary proceeding "even the unique nature of a bankruptcy proceeding does not warrant a departure from final order jurisprudence developed in the context of 28 U.S.C. § 1291"); *see also Belli*, 268 B.R. at 855 ("Finality for purposes of jurisdiction over 'as of right' appeals under 28 U.S.C. § 158(a)(1) in adversary proceedings does not differ from finality in ordinary federal civil actions under 28 U.S.C. § 1291.").

As the Ninth Circuit Bankruptcy Appellate Panel explained in *Belli*:

> Adversary proceedings are merely federal civil actions under another name, and do not ordinarily present the types of uncertainties that necessitate "flexible finality" analysis. Adversary proceedings are a "single judicial unit." The parties are named in the pleadings; the claims are those presented in the respective counts of the complaint. The litigation is conducted under the Federal Rules of Civil Procedure . . . and follows the ordinary pattern of summons and complaint, answer, discovery, pretrial, trial, and judgment[.]

*Id.* at 854-55. "Under this analysis, the ordinary standards of 28 U.S.C. § 1291 and Federal Rule of Civil Procedure 54(b) control the determination of finality for the purposes of appeals from adversary proceedings, not flexible finality." *Brady v. Otton*, No. 15-CV-00757-WHO, 2015 WL 1906204, at *4 (N.D. Cal. Apr. 27, 2015) (citing *Belli*, 268 B.R. at 855-57; *King City*, 738 F.3d at 1066.

Here, Appellants acknowledge that the Turnover Order arises from an adversary proceeding related to Chadwick's bankruptcy. (Appellants' Opp'n at 2) ("The subject order was entered in an adversary proceeding in the bankruptcy case filed by the Trustee against Appellants.") As explained above, the flexible finality approach is not applicable to adversary proceedings. Moreover, Appellants do not offer any persuasive explanation why "traditional finality rules are [in]adequate" for purposes of this case. *Belli*, 268 B.R. at 854. Accordingly, the Court shall proceed to determine whether the Turnover Order is

5

a final order applying the traditional analysis under 28 U.S.C. § 1291 and Federal Rule of Civil Procedure 54(b).

Under Rule 54(b),[4] a trial court may enter an early final order that disposes of fewer than all the claims or fewer than all the parties.[5] Fed. R. Civ. P. 54(b). "The court does so by making an *express* determination that there is no just reason for delay, together with an *express* direction that judgment be entered." *Belli*, 268 B.R. at 855 (emphasis added). An order that fails to expressly use this "mandated express language" is interlocutory and not appealable as a final order. *Id.* at 855-56. Moreover, "such an order may be revised 'at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.'" *Id.* at 856 (quoting Fed. R. Civ. P. 54(b)).

When an order is issued in an adversary proceeding that does not resolve all claims against all parties, a district court's jurisdiction "depends on whether the requisite Rule 54(b) certification appears on the face of the record." *Belli*, 268 B.R. at 856. "If there is a Rule 54(b) certification, it is treated as a final order over which appellate jurisdiction exists 'as of right' under 28 U.S.C. § 158(a)(1)." *Id.* On the other hand, "[i]f there is no

---

[4] Unless otherwise noted, all references to rules in the remainder of this Order are to the Federal Rules of Civil Procedure.

[5] Rule 54(b) provides:
> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b), *incorporated* by Fed. R. Bankr. P. 7054(a).

Rule 54(b) certification, then the order is interlocutory, and appellate jurisdiction depends on whether the appellate court grants leave to appeal under 28 U.S.C. § 158(a)(3)." *Id.*

Applying the traditional concept of finality to this case, it is clear that the Turnover Order is not a final order. Nowhere in the Turnover Order is there an express direction for entry of final judgment and statement that there is no just reason for delay an appeal. Thus, the Turnover Order lacks the requisite Rule 54(b) certification on its face. In fact, the Turnover Order expressly states its reservation of one the issues for later determination and entry of final judgment. (Docket No. 1-2.) ("The issue of the [Wolf's] claim against [Appellant] Charles G. Collins, for monetary damages pursuant to 11 U.S.C. § 542, is reserved for further determination and entry of a final judgment by the Court.")

Appellants' argument that the remaining issue was not properly pled in the adversary complaint may have been relevant if the Court applied the flexible finality approach. (*See* Appellants' Opp'n at 2-4.) However, under traditional finality principles, this argument is not relevant because in any event, the Bankruptcy Court did not expressly provide Rule 54(b) certification to the portions of the Turnover Order that are the gravamen of Appellants' appeal. As a result, until such time that the Bankruptcy Court resolves the remaining issue or expressly enters judgment on the issues for which Appellants seek appellate review, it remains free under Rule 54(b) "to change its mind" about the other findings. *Belli*, 268 B.R. at 857. Therefore, Appellants' are not entitled to an appeal as of right under 28 U.S.C. § 158(a)(1), and the Court must determine whether to grant them leave to appeal under 28 U.S.C. § 158(a)(3).

There are "[f]our judge-made exceptions to the final judgment rule – the collateral order, practical finality, death knell, and pragmatic finality doctrines." *Belli*, 268 B.R. at 857 (citing 18 James Wm. Moore, Moore's Fed. Prac. 3d §§ 202.07 – 202.10 (2001)), none of which apply to this appeal. *Id.* ("The collateral order doctrine is inapplicable because the issue is neither separate from the merits of the appeal nor effectively

7

unreviewable after final judgment. . . . The practical finality doctrine requires irreparable injury that is not entailed by this appeal. . . . The death knell doctrine, to the extent it retains vitality, requires that the appellant have been put effectively out of court, which has not happened here. . . . The pragmatic finality doctrine requires, among other elements, an unsettled issue of national significance.") (internal citations omitted). Consequently, the Court declines to exercise jurisdiction under 28 U.S.C. § 158(a)(3).

Finally, in their opposition Appellants request leave to file an appeal to the Turnover Order if the Court finds the Turnover Order is interlocutory. The Court finds interlocutory review is not warranted here. First, Appellants have not even attempted to explain why there is no just reason to delay hearing of their appeal until the bankruptcy judge has entered final judgment. *See Cameron, supra*, 2014 WL 1028436, at *4 ("Interlocutory appeals are generally disfavored and should only be granted where extraordinary circumstances exist.") Second, it does not appear to the Court that denying leave to appeal now would result in "wasted litigation and expense," that the appeal "involves a controlling question of law as to which there is a substantial ground for difference of opinion," or that "an immediate appeal would materially advance the ultimate termination of the litigation." *See In re NSB Film Corp.*, 167 B.R. 176, 180 (B.A.P. 9th Cir. 1994) (citing *In re Caribbean Tubular Corp.*, 44 B.R. 283, 285 (D.P.R. 1984)). In short, the Court "decline[s] to intermeddle with the [Bankruptcy Court's] handling of the adversary proceeding until it has completed the task." *Belli*, 268 B.R. at 858.

///
///
///
///
///
///

8

3:16-cv-03112-BEN-WVG
Bankruptcy No. 11-19790-LT7

## CONCLUSION

For the reasons stated above, the Court finds the Turnover Order is an interlocutory order, interlocutory review is not warranted, and Appellants have not identified another basis for jurisdiction. Accordingly, Appellee's motion to dismiss the appeal for lack of jurisdiction is **GRANTED**, and Appellants' request for leave to file an appeal to the Turnover Order is **DENIED**.

**IT IS SO ORDERED.**

DATED: September __, 2017

HON. ROGER T. BENITEZ
United States District Court Judge